Jeffery S. Williams (UT Bar #6054)
NELSON CHRISTENSEN
HOLLINGWORTH & WILLIAMS
68 S. Main Street, 6th Floor
Salt Lake City, UT 84101
Telephone: 801-531-8400
Facsimile:  801-363-3614
jeffw@nchwlaw.com

*Attorney for Defendant Bridgestone Americas Tire Operations, LLC*

### IN THE UNITED STATES DISTRICT COURT
### IN AND FOR THE DISTRICT OF UTAH, SOUTHERN DIVISION

| | |
|---|---|
| VERELYN MARVIN YOUNG, individually, and as Next Friend of M.Y.; D.Y.; C.Y.; A.Y. (Minors), and as Personal Representative of the Estate of MELODY JESSOP YOUNG under the Utah Wrongful Death and Survival Acts, and CONSTANCE YOUNG; ROBERT YOUNG; PATIENCE YOUNG; ANNA YOUNG; OSENEPH YOUNG; AMMERON YOUNG; and ISAIAH YOUNG, under the Utah Wrongful Death Act,<br><br>         Plaintiffs,<br><br>v.<br><br>BRIDGESTONE AMERICAS TIRE OPERATIONS, LLC,<br><br>         Defendant. | **DEFENDANT BRIDGESTONE AMERICAS TIRE OPERATIONS, LLC'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND REQUEST FOR JURISDICTIONAL DISCOVERY**<br><br>**(HEARING REQUESTED)**<br><br>Case No.: 4:19-cv-00099-DN-PK<br><br>Judge: David Nuffer<br><br>Magistrate Judge: Paul Kohler |

Pursuant to Federal Rule of Civil Procedure 12(b)(2) and Local Rule DUCivR 7-1, Defendant Bridgestone Americas Tire Operations, LLC ("Bridgestone"), moves to dismiss

Plaintiffs' Original Complaint for lack of personal jurisdiction and requests leave of court to conduct limited discovery in support of that motion.

## RELIEF REQUESTED AND GROUNDS

Plaintiffs' complaint should be dismissed because there is not an adequate basis upon which this Court can exercise personal jurisdiction over Bridgestone with respect to the claims asserted.

There is no basis for general personal jurisdiction because Bridgestone is not "at home" in Utah. It is not incorporated in Utah and does not have its headquarters or principal place of business in this state. Moreover, it conducts no unusual or extensive activities or business operations in Utah that would make this an exceptional case that would permit the exercise of general jurisdiction. Instead, Bridgestone's activities in Utah are only a small part of its business and similar to or less than those conducted in many other states.

There is no basis for specific personal jurisdiction because it cannot be demonstrated that the Plaintiffs' cause of action arises out of Bridgestone's contacts with Utah. While Plaintiffs have included in their complaint conclusory and apparently groundless allegations about Bridgestone having sold the tire product at issue in Utah nearly twenty years ago, the actual methods by which Bridgestone sells tires strongly suggests otherwise. Bridgestone therefore also requests leave to conduct appropriate discovery in support of this motion to demonstrate the absence of conduct supporting personal jurisdiction.

## FACTUAL BACKGROUND AND SUMMARY OF ARGUMENT

This case arises from a November 17, 2018 vehicular accident in which, according to Plaintiffs' allegations, a Ford F250 Super Duty pickup truck driven by Matteus DeGasperis

collided with a Ford Fiesta occupied by Plaintiffs' decedent Melody Young. *See* Original Complaint [Dkt 2], ¶¶ 5.1-5.4. According to the complaint, the left front tire on the pickup truck sustained a tire disablement and DeGasperis lost control of the vehicle and crossed into the opposite lane and struck the Young vehicle. *Id.*

On November 26, 2019, Plaintiffs filed their Original Complaint against Bridgestone. Plaintiffs claim that the left front Firestone Steeltex Radial A/T tire on the DeGasperis Ford F250 pickup truck was defective and that Bridgestone was negligent with respect to its design, marketing, and manufacture. Id., ¶¶ 5.9, 6.1-7.1. The complaint further identifies the specific DOT tire identification number of the tire at issue as VNW8 1XL 4600. *Id.*, ¶ 2.2. As the accompanying declaration of Bridgestone engineer Brian Queiser demonstrates, that identification number indicates that tire was produced in November of 2000 at the Bridgestone tire manufacturing plant in Joliette, Quebec, Canada. Ex. A (Decl. of Brian J. Queiser ("Queiser Decl.")), ¶ 6.

The Court should dismiss the claims against Bridgestone because Plaintiffs cannot establish a legitimate *prima facie* showing of personal jurisdiction over Bridgestone. The complaint alleges generally that there is jurisdiction over the parties and subject matter, (*see* Original Complaint, ¶¶ 4.1, 4.3) and that Bridgestone conducts various activities in Utah. *Id.*, ¶¶ 3.1-3.71. The complaint also includes various conclusory allegations specific to the tire at issue, the "subject tire." It alleges that Bridgestone intended that the subject tire be sold in Utah and that it was marketed and sold in Utah. *Id.*, ¶¶ 3.4, 3.35-3.39. These allegations, however, are devoid of any specifics. There is no explanation of exactly when such a sale was made some twenty years

3

ago, where that sale was made, or who the purchaser was. The absence of these details renders the allegations highly suspect. Bridgestone believes those allegations are baseless, and requests leave to conduct discovery to determine their validity.

Plaintiffs cannot satisfy their burden of establishing personal jurisdiction. First, there is no general personal jurisdiction over Bridgestone because Bridgestone's contacts with Utah are not so continuous and systematic that Bridgestone can be fairly regarded as "at home" in Utah. Under *Daimler AG v. Bauman*, 134 S.Ct. 746, 754 (2014), except in exceptional cases, the "paradigm bases for general jurisdiction" are a corporation's place of incorporation and principal place of business. Bridgestone is a Delaware limited liability company with its principal place of business in Nashville, Tennessee. *See* Queiser Decl., ¶¶ 7, 8. Plaintiffs fail to allege any "exceptional" facts that would render Bridgestone "at home" in Utah.

Second, Plaintiffs cannot establish specific personal jurisdiction because this cause of action does not arise out of Bridgestone's purposeful targeting of Utah or any of Bridgestone's contacts with Utah. Bridgestone does not design or manufacture tires in Utah. *Queiser Decl.*, ¶¶ 10, 11. The tire at issue was designed in Ohio, and was manufactured at Bridgestone's tire plant in Joliette, Quebec, Canada. *Id.*, ¶¶ 6, 10. Bridgestone believes that discovery will establish that the location of the original sale of the subject tire was either outside Utah or cannot be established. That leaves the location of the accident as the only nexus between this forum and the claims against Bridgestone. The product defect and negligence claims asserted against Bridgestone in this case therefore can have no connection to any of Bridgestone's contacts with Utah. As a result, there is no specific personal jurisdiction.

Because Plaintiffs cannot make a *prima facie* showing of personal jurisdiction over Bridgestone, the Court should dismiss the claims against Bridgestone pursuant to Rule 12(b)(2).

## REQUEST FOR DISCOVERY

Bridgestone requests leave to conduct discovery to investigate the bases of Plaintiffs' allegations regarding the connections between Bridgestone's actions, the subject tire, and the accident. The fact of the matter is that tire products are not individually serialized and there are rarely records that permit the tracing of the distribution of individual tire products. Queiser Decl., ¶ 13. More important, the vast majority of tire products made by Bridgestone are sold to original equipment vehicle manufacturers or to distributors outside of Utah. *Id.* The result is that it is very unlikely that Bridgestone sold the subject tire in Utah and almost certain that Plaintiffs cannot prove sale in Utah.

Bridgestone therefore requests leave to conduct limited discovery so that the basis of those allegations in Plaintiffs' complaint can be explored and it can be fully and fairly determined whether the Plaintiffs can establish any specific connection between any actions by Bridgestone, the specific product at issue, and the accident that forms the basis of Plaintiffs' cause of action.

## ARGUMENT

A. **Applicable Standard.**

Under Rule 12(b)(2), a court must grant a motion to dismiss if it lacks personal jurisdiction over a defendant. When contested, the party asserting the claim has the burden of proving personal jurisdiction. *See, e.g., Wenz v. Memery Crystal,* 55 F.3d 1503, 1505 (10th Cir. 1995). Plaintiff

must make a *prima facie* showing of personal jurisdiction and mere conclusory allegations in a complaint are insufficient. *Id*.

To establish personal jurisdiction, a plaintiff must show both that jurisdiction is proper under the forum's long-arm statute and that the exercise of personal jurisdiction comports with the requirement of the U.S. Constitution. *Clements v. Tomball Ford, Inc.,* 812 F.Supp. 202, 205 (D. Utah 1993) (finding no personal jurisdiction over corporation that sold product outside Utah). The Utah Supreme Court has construed the state long-arm statute as extending "to the fullest extent allowed by due process of law" as required by the legislative expression of policy in section 78-27-22. *Synergetics v. Marathon Racing Co.*, 701 P.2d 1106, 1110 (Utah 1985); *accord*, *Pohl, Inc. v. Webelhuth*, 201 P.3d 944 (Utah 2008).

Under due process, the Court's jurisdiction exists if the defendants have "minimum contacts" with the forum state, which may rest on specific or general personal jurisdiction, and the exercise of personal jurisdiction must comport with "traditional notions of fair play and substantial justice." *Bristol-Myers, Squibb Co. v. Superior Court of Cal., San Francisco Cty*., 137 S.Ct. 1773, 1779-80 (2017); *Daimler AG v. Bauman*, 134 S.Ct. 746, 754 (2014) (internal quotation marks and citations omitted). Plaintiffs cannot establish sufficient facts to create a *prima facie* showing for either general or specific jurisdiction in this case.

**B.    Plaintiffs Cannot Establish General Jurisdiction.**

General jurisdiction over a corporate defendant exists where its contacts and affiliations with the forum state "are so 'continuous and systematic' as to render it essentially at home in the forum State." *Daimler AG*, 134 S.Ct. at 761 (quoting *Goodyear Dunlop Tires Operations, S.A. v.*

6

*Brown*, 131 S.Ct. 2846, 2851 (2011)) (alterations omitted).  A corporation's place of incorporation and principal place of business are the "paradigm bases for general jurisdiction."  *Daimler AG*, 134 S.Ct. at 760 (citations omitted).  Outside those paradigm bases, "only a limited set of affiliations with a forum" will subject a corporate defendant to general jurisdiction—which the Supreme Court calls the "exceptional case."  *Id*. at 760-61 & n.19.  "A corporation's 'continuous activity of some sorts within a state . . . is not enough to support the demand that the corporation be amenable to suits unrelated to that activity.'"  *Goodyear*, 131 S.Ct. at 2856 (quoting *Int'l Shoe v. Wash.*, 326 U.S. 310, 318 (1945).  Rather, general jurisdiction is present in states only where the corporation is "essentially at home."  *Daimler AG*, 134 S.Ct. at 761.

*Daimler AG* was a case filed in California against Daimler AG, a German car manufacturer.  134 S.Ct. at 750-51.  Even though Daimler's subsidiary, Mercedes-Benz USA (MBUSA), maintained several facilities and a regional headquarters in California, the U.S. Supreme Court held that the California court lacked general personal jurisdiction over the defendants because "neither Daimler nor MBUSA is incorporated in California, nor does either entity have its principal place of business there."  *Id.* at 761.  Allowing general personal jurisdiction to be exercised by a California court would have meant that general personal jurisdiction "would presumably be available in every other State in which MBUSA's sales are sizeable," a proposition which the Supreme Court rejected.  *Id.*  "Holding otherwise, the Court reasoned, would broadly and unfairly expose multi-state or multi-national corporations to [general personal] jurisdiction in many states."  *George v. Uponor Corp.*, 988 F. Supp. 2d 1056, 1079 (D. Minn. 2013); *see also Lexicon Med. v. SurgiQuest, Inc.*, 8 F. Supp. 3d 1122, 1127-28 (D. Minn. 2014) (holding, based on *Daimler AG*,

that sale of product and regular service on that product did not establish general personal jurisdiction).

Under the U.S. Supreme Court's holdings in *Daimler AG* and *Goodyear*, this Court lacks general personal jurisdiction over Bridgestone. Bridgestone is incorporated in Delaware with its principal place of business in Tennessee. Queiser Decl., ¶¶ 6, 7; Under *Daimler AG*, Bridgestone is "essentially at home" in those states such that general personal jurisdiction would be proper; it is not "at home" in Utah. *Daimler AG*, 131 S.Ct. at 761. There is no other constitutional basis for asserting general jurisdiction over Bridgestone in this case. *Daimler AG* makes clear that general jurisdiction may be exercised over a corporation outside its place of incorporation and principal place of business only in an "exceptional case." 131 S.Ct. at 761, n. 19. There are no "exceptional" facts here that render Bridgestone "at home" in Utah.

Further, to the extent that Plaintiffs hope to rely on the conclusory allegations of Paragraphs 3.1 – 3.71 of the Original Complaint, those contentions are irrelevant to the "at home" standard and contradicted by the factual record. Bridgestone has no manufacturing facility in Utah. Queiser Decl., ¶ 11. Bridgestone does not design or manufacture tires in Utah. *Id.,* ¶¶ 6, 10. The tire at issue in this case was designed in Akron, Ohio, and was manufactured in Quebec, Canada. *Id.* Moreover, Bridgestone has never operated significant facilities or conducted unusual business operations in Utah. *Id.*, ¶ 9. Only a small number of Bridgestone employees work in Utah as contrasted to 14,000 employees nationwide, and revenues from Utah operations account for only a small fraction of Bridgestone's total revenue. *Id.,* ¶ 15.

Even if Plaintiffs' allegations about Bridgestone's general contacts with Utah were accepted as true (and a number of them are not), they are not sufficient to establish general jurisdiction over Bridgestone. In *Daimler AG*, the U.S. Supreme Court rejected the blanket exercise of general jurisdiction in every state where a corporation engages in a "substantial, continuous, and systematic course of business" as "unacceptably grasping." 134 S. Ct. at 761-62; *see also Schulman v. lnst. for Shipboard Educ.,* 624 Fed. Appx. 1002, 1004-06 (11th Cir. Aug. 18, 2015) ("[a] foreign corporation cannot be subject to general jurisdiction in a forum unless the corporation's activities in the forum closely approximate the activities that ordinarily characterize a corporation's place of incorporation or principal place of business") (unpublished).

Following *Daimler AG*, courts around the country have come to the same conclusion in cases involving large companies with products shipped nationwide. *See Fabara v. GoFit, LLC*, 308 F.R.D. 380, 403 (D.N.M. 2015) (concluding that even "pervasive presence" of GoFit products on shelves of retailers "is not in and of itself the kind of activity that approximates physical presence within the state's borders") (internal quotation marks omitted); *Spencer v. Harley-Davidson, Inc.*, 2:16-cv-00427-DN, 2018 WL 3972925, at *3 (D. Utah Aug, 20, 2018) (rejecting argument that regularly conducting business in a state equates to being "at home") (unpublished); *Brown,* 814 F.3d at 640 (rejecting idea that corporation is subject to general jurisdiction in every state in which it was registered and conducted "substantial business"); *Stroud v. Tyson Foods, Inc.*, 91 F.Supp.3d 381, 385-389 (E.D.N.Y. 2015) (operation of manufacturing facility in forum state insufficient to establish defendant was "at home" since it was one of hundreds of manufacturing plants defendant operated nationwide).

9

Thus, under *Daimler AG*, the mere presence of Bridgestone tires for sale in Utah, Bridgestone marketing touching Utah, and tire monitoring and follow-up activities in Utah are insufficient to establish general jurisdiction over Bridgestone. Bridgestone is not "at home" in Utah, therefore, is not subject to general jurisdiction in this State.

C.  **Plaintiffs Cannot Establish That Bridgestone is Subject to Specific Jurisdiction in Utah for the Conduct Alleged in This Case.**

For a state court to exercise specific jurisdiction, "the *suit*" must "aris[e] out of or relat[e] to the defendant's contacts with the forum." *Bristol–Myers*, 137 S.Ct. at 1780 (quoting *Daimler AG*, 134 S.Ct. at 754) (emphasis original); *see also Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 105 S.Ct. 2174 (1985); *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 104 S.Ct. 1868, 1872-73 (1984). The test for specific jurisdiction encompasses two distinct requirements: (i) the defendant must have "purposefully directed its activities at residents of the forum state," and (ii) "the plaintiff's injuries must arise out of [the] defendant's forum-related activities." *Old Republic Insurance Co. v. Continental Motors*, 877 F.3d 895, 904 (10th Cir. 2017) (quotation marks and citation omitted); *see also Burger King*, 471 U.S. at 475. The defendant must have "sufficient minimum contacts" that "also give rise to the liabilities sued on." *Daimler AG*, 134 S.Ct. at 754 (quoting *Int'l Shoe*, 326 U.S. at 317).

For a court to exercise specific jurisdiction over a claim, there must be an "affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State." *Goodyear*, 131 S.Ct. at 2851, (internal quotation marks and brackets in original omitted). When there is no such connection, specific jurisdiction is lacking

regardless of the extent of a defendant's unconnected activities in the State. *Id*. at 931, n. 6 ("[E]ven regularly occurring sales of a product in a State do not justify the exercise of jurisdiction over a claim unrelated to those sales").

Here, Plaintiffs cannot show that the subject claims "arise out of" Bridgestone's activities in Utah. There is no nexus between Plaintiffs' allegations regarding the allegedly defective tire and Bridgestone activities in Utah. As noted, the tire at issue was not designed or manufactured in Utah and was likely not distributed in Utah either. Queiser Decl., ¶¶ 6, 10, 11, 13. There is no legitimate evidence that the tire entered Utah as a result of Bridgestone's involvement or direction. Thus, the alleged accident and Plaintiffs' alleged injuries have no relation to Bridgestone's activities in Utah.

The fact that the accident occurred in Utah is insufficient to confer specific jurisdiction. *See Walden v. Fiore*, 134 S.Ct. 1115, 1125 (2014); *Robbins v. Flightstar, Inc.*, 2:09-cv-735, 2011 WL 61189, at *3 (D. Utah Jan. 7, 2011) ("The fact that the accident occurred in Utah, without more" is insufficient to give rise to personal jurisdiction.) (unpublished). Indeed, following *Walden*, *Goodyear*, and *Daimler AG*, several jurisdictions have rejected specific personal jurisdiction in product liability cases where the sole connection to the state is the location of the accident. *See, e.g.*, *Hinrichs v. GM of Can., Ltd.*, 222 So. 3d 1114 (Ala. 2018) (finding no "suit-related conduct" that creates substantial connection between vehicle manufacturer and Alabama if vehicle was not sold in Alabama, even though plaintiff was injured in Alabama); *Cahen v. Toyota Motor Corp., et al.*, 147 F.Supp.3d 955, 962-65 (N.D. Cal. 2015) (holding that (1) because none of plaintiffs' claims against Ford arose out of Ford's conduct in California and (2) Ford is neither

headquartered nor incorporated in California, jurisdiction in California was inappropriate); *Erwin v. Ford Motor Co.*, Case No. 8:16-cv-01322-T-24 AEP, 2016 WL 7655398, at *8 (M.D. Fla. Aug. 31, 2016) (rejecting personal jurisdiction since none of vehicle manufacturer's contacts was a "but-for" cause of plaintiff's claims) (unpublished); *Roof & Rack Prods. v. GYB Investors, LLC,* Case No. 13-80575, 2014 WL 3116413, at *3 (S.D. Fla. July 8, 2014) (although plaintiff ultimately suffered injury in Florida, it failed to provide any causal connections between defendant's contacts in Florida and plaintiff's resulting claims) (unpublished).

Plaintiffs simply cannot show that their claims arise out of or relate to "the defendant's contacts with the forum." *Helicopteros,* 466 U.S. at 414, n.8. Therefore, Plaintiffs cannot satisfy their burden to show specific jurisdiction over Bridgestone in this case.

### D. Plaintiffs' Reliance on the Stream of Commerce Theory Does Not Avoid the "Arising Out Of" Requirement.

It appears that Plaintiffs contend that this Court has specific personal jurisdiction over the claims in this case under the stream of commerce test. Original Complaint, ¶4.3. That test, to the extent it has any continuing validity, does not eliminate the requirement of a direct nexus between the defendant's activities in the forum state and the cause of action. As the Utah Court of Appeals has noted, "merely placing a product into the stream of commerce knowing that it could be swept into the forum state does not subject a manufacturer to personal jurisdiction." *Venuti v. Continental Motors, Inc.*, 414 P.3d 943, ¶ 27 (Utah App. 2018).

As noted above, for a state court to exercise specific jurisdiction, the action must arise out of or relate to the defendant's contacts with the forum. *Bristol-Myers* at 1780 (quoting *Daimler* at

754); *J.S.T. Corp. v. Foxconn Interconnect Tech. Ltd.*, 19 C 300, 2019 WL 2773650, at *2 (N.D. Ill. July 2, 2019) (unpublished). In other words, specific jurisdiction requires an "affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State" and "is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Goodyear* at 919 (internal quotation marks and brackets in original omitted, and emphasis added).

"[T]he mere fact that [the defendant's] conduct affected plaintiffs with connections to the forum State does not suffice to authorize jurisdiction". *Walden v. Fiore*, 571 U.S. 277, 291 (2014). Stated differently, a defendant's contacts with a forum state are not all relevant to determining whether a plaintiff's claims relate to or arise out of a defendant's contacts; only those contacts that "bear on the substantive legal dispute between the parties or relate to the operative facts of the case" are relevant. *GCIU-Emp'r Ret. Fund v. Goldfarb Corp.*, 565 F.3d 1018, 1024 (7th Cir. 2009).

Additionally, the focus is not on the actions of the plaintiff, but rather the affirmative actions of the defendant because "[s]pecific jurisdiction must rest on the litigation-specific conduct of the defendant in the proposed forum state." *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 801 (7th Cir. 2014). When there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State. *Goodyear* at 931 n. 6 ("[E]ven regularly occurring sales of a product in a State do not justify the exercise of jurisdiction over a claim unrelated to those sales"). No amount of unrelated connections to a forum can overcome the lack of defendant's activities linked to the underlying claim. *J.S.T. Corp.* at *2-3 (finding the lack of specific jurisdiction even though the plaintiff

13

generally alleged the activity of the defendant in the forum state because "[n]otably absent from these allegations is that any of the alleged wrongful activity occurred in Illinois, was directed at Illinois, or that the conduct is somehow related to Defendants' other contacts with the state") (unpublished).  And the Court "cannot simply aggregate all of a defendant's contacts with a state— no matter how dissimilar in terms of geography, time, or substance—as evidence of the constitutionally-required minimum contacts."  *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1277 (7th Cir. 1997).

In applying the "arise out of" requirement, courts routinely dismiss claims that fail to establish litigation-specific conduct of the defendant in the forum state even if the defendant purposefully avails other activities at a forum state.[1]  *LegalForce RAPC Worldwide P.C. v. Glotrade*, 2019 WL 6036618, at *7 (N.D. Cal. Nov. 14, 2019) (granting motion to dismiss for lack of personal jurisdiction on the basis that the plaintiff failed to establish litigation-specific conduct, noting that "there must be an affiliation between the forum and the underlying controversy", and stating that "[a] contrary holding, the United States Supreme Court held, would conflate specific and general jurisdiction and elide important distinctions between the two") (unpublished); *Moore*

---

[1] It is notable that on January 17, 2020, the United States Supreme Court granted certiorari to review two cases in which states courts had found personal jurisdiction without a nexus between the defendants' in-state conduct and the causes of action.  Those cases, 19-368, *Ford Motor Co. v. Montana Eighth District Court*, et al. and 19-369, *Ford Motor Co. v. Bandemer*, seek to have the Supreme Court revisit its specific personal jurisdiction analysis in the product liability context and determine if the "arise out of or relate to" requirement in specific personal jurisdiction is met when none of defendant's forum contacts caused the plaintiff's claims.  The cases are consolidated under the 19-368 number and are presently in the briefing process.

*v. Alaska Airlines, Inc.*, 2019 WL 5895434, at *4 (N.D. Ill. Nov. 12, 2019) (granting motion to dismiss for lack of personal jurisdiction because specific jurisdiction "focuses on the relationship among the defendant, the forum, and the litigation" and requires that "the defendant's suit-related conduct ... create a substantial connection with the forum State") (unpublished); *Miche Bag, LLC v. Cook*, 2:09-cv-166TC, 2009 WL 1707949, at *2 (D. Utah June 17, 2009) (granting motion to dismiss based on failure to establish plaintiff's claim arises out of or results from actions by the defendant that create a substantial connection with the forum state) (unpublished).

## CONCLUSION

Because the Court lacks both general personal jurisdiction and specific personal jurisdiction over Bridgestone, the Court should grant Bridgestone's request for jurisdictional discovery and should ultimately dismiss Plaintiffs' Complaint as to Bridgestone.

DATED this 17th day of March, 2020.

        NELSON CHRISTENSEN
        HOLLINGWORTH & WILLIAMS

        By  */s/ Jeffery S. Williams*
        Jeffery S. Williams
        *Attorneys for Bridgestone Americas Tire Operations, LLC*