IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| VERELYN MARVIN YOUNG, et al., <br><br> Plaintiffs, <br><br> v. <br><br> BRIDGESTONE AMERICAS TIRE OPERATIONS, LLC, <br><br> Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING REQUEST FOR LIMITED JURISDICTIONAL DISCOVERY** <br><br> Case No. 4:19-cv-00099-DN-PK <br><br> District Judge David Nuffer |

This action arises from an automobile accident allegedly caused by a vehicle's driver-side tire suffering a catastrophic de-tread event.[1] Plaintiffs assert claims against Defendant for strict products liability and negligence.[2] Defendant seeks dismissal of Plaintiffs' Complaint for lack of personal jurisdiction and requests leave to conduct limited jurisdictional discovery ("Motion").[3] Plaintiffs oppose the Motion, including the request for limited discovery, arguing that specific personal jurisdiction over Defendant exists based on the Complaint's allegations and a stream of commerce theory.[4]

Because discovery will assist both parties in addressing the specific personal jurisdiction issue raised by Defendant's Motion, Defendant's request for leave to conduct limited jurisdictional discovery[5] is GRANTED. The parties are given leave to conduct discovery, limited

---

[1] Plaintiffs' Original Complaint ("Complaint") ¶¶ 5.3-5.4 at 9, docket no. 2, filed Nov. 26, 2019.

[2] *Id*. ¶¶ 6.1-6.14 at 9-12.

[3] Defendant Bridgestone Americas Tire Operations, LLC's Motion to Dismiss for Lack of Personal Jurisdiction and Request for Jurisdictional Discovery ("Motion"), docket no. 11, filed Mar. 17, 2020.

[4] Plaintiffs' Response to Defendant's Motion to Dismiss for Lack of Personal Jurisdiction ("Response"), docket no. 12, filed Apr. 13, 2020.

[5] Motion at 5.

to the issue of specific personal jurisdiction, for a period of 90 days. The remainder of Defendant's Motion[6] is MOOT. Defendant may file a renewed motion to dismiss for lack of personal jurisdiction, if appropriate, following the completion of the permitted jurisdictional discovery.

## DISCUSSION

Plaintiffs' Complaint includes 71 separately numbered allegations regarding personal jurisdiction.[7] Defendant requests leave to conduct limited discovery to refute these allegations and determine "whether the Plaintiffs can establish any specific connection between any actions by [Defendant], the specific product at issue, and the accident that forms the basis of Plaintiffs' cause of action."[8] Defendant supports its Motion with the Declaration of Brian J. Queiser ("Queiser Declaration"),[9] which asserts that the subject tire was designed in Akron, Ohio, and was manufactured in Joliette, Quebec, Canada.[10] The Queiser Declaration also asserts facts regarding the general process by which Defendant's tires are distributed after they are manufactured, as well as facts regarding Defendant's business activities in Utah.[11]

Defendant argues that its general distribution process and limited business activities in Utah strongly suggest that the subject tire was not sold in Utah and that Plaintiff's claims do not arise out of Defendant's activities in Utah.[12] The Queiser Declaration states that there are rarely

---

[6] Docket no. 11, filed Mar. 17, 2020.

[7] Complaint ¶¶ 3.1-3.71 at 3-8.

[8] Motion at 5.

[9] Docket no. 11-1, filed Mar. 17, 2020.

[10] *Id*. ¶¶ 6, 10 at 2-3.

[11] *Id*. ¶¶ 9-16 at 3-4.

[12] Motion at 2, 11.

records for tracing the distribution of a specific tire.[13] Because of this, Defendant may not be in possession of the evidence it seeks to refute Plaintiff's jurisdictional allegations.

Defendant's request for jurisdictional discovery differs from the usual case. Requests for jurisdictional discovery are often raised by a plaintiff in response to a defendant's motion that is supported by evidence showing a lack of forum-related activity to support personal jurisdiction. This is because it is a plaintiff's burden to establish personal jurisdiction over a defendant,[14] and the plaintiff generally is not in possession of evidence regarding the defendant's forum-related activities to adequately dispute the defendant's evidence.

Nevertheless, the Queiser Declaration is sufficient to suggest that evidence may exist to refute Plaintiff's jurisdictional allegations, and that Defendant may not be in possession of such evidence. It is appropriate to permit Defendant the opportunity to discover and present such evidence to challenge Plaintiff's allegations of personal jurisdiction. If Defendant presents such evidence, Plaintiffs may not rest on the Complaint's allegations. "The allegations in the complaint [are] taken as true [only] to the extent they are uncontroverted by the defendant's affidavits."[15] Rather, Plaintiffs must present evidence showing that the exercise of specific personal jurisdiction over Defendant is appropriate. And "[i]f the parties present conflicting affidavits, all factual disputes must be resolved in the plaintiff's favor, and the plaintiff's prima facie showing is sufficient notwithstanding the contrary presentation by the [defendant]."[16] Therefore, permitting discovery will assist both parties in addressing the personal jurisdiction

---

[13] Queiser Declaration ¶ 13 at 4.

[14] *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995) (citing *McNutt v. Gen. Motors*, 298 U.S. 178, 189 (1936)).

[15] *Id*. (internal quotations omitted).

[16] *Id*. (internal quotations omitted).

issue raised by Defendant's Motion. It is reasonable that through the exercise of due diligence, discovery limited to the issue of specific personal jurisdiction will be completed within 90 days.

If appropriate, after the completion of the limited jurisdictional discovery, Defendant may file a renewed motion to dismiss for lack of personal jurisdiction. If Defendant files a renewed motion to dismiss, the following authorities may assist the parties in refining their legal arguments regarding the requirements for establishing specific personal jurisdiction:

- Memorandum Decision and Order Granting Motion to Dismiss, *VidAngel, Inc. v. Sullivan Entm't Grp., Inc. et al.*, No. 2:17-cv-00989-DN (D. Utah), ECF no. 129, filed July 27, 2018; and

- Memorandum Decision and Order Denying BWI North America, Inc.'s Motion to Dismiss Plaintiff's First Amended Complaint, *Spencer v. Harley-Davidson, Inc. et al.*, No. 2:16-cv-00427-DBB-JCB (D. Utah), ECF no. 118, filed Aug. 20, 2018.

## ORDER

IT IS HEREBY ORDERED that Defendant's request for leave to conduct limited jurisdictional discovery[17] is GRANTED. The parties are given leave to conduct discovery, limited to the issue of specific personal jurisdiction, for a period of 90 days. The remainder of Defendant's Motion[18] is MOOT. Defendant may file a renewed motion to dismiss for lack of personal jurisdiction, if appropriate, following the completion of the limited jurisdictional discovery.

Signed January 6, 2021.

BY THE COURT

David Nuffer
United States District Judge

---

[17] Motion at 5.

[18] Docket no. 11, filed Mar. 17, 2020.